C. S. PICKRELL AND THE ELITE CONFECTIONERY COMPANY OF
EL PASO V. MRS. C. N. BUCKLER AND W. T. GRANT COMPANY.

Application No. 15339. Decided June 4, 1927.

(296 S. W., 1062).

**Cases Criticised—Lease—Contract for Renewal.**

Declining to approve the holding of the Court of Civil Appeals herein
that the covenant for renewal of the lease here involved was void for un-
certainty (Pickrell v. Buckler, 293 S. W., 667) the court hold that their
judgment was correct and refuse writ of error on the ground that the
contracts of the parties did not grant plaintiff in error a right or option to
renew the lease more than one time.   (P. 568).

Application to the Supreme Court by Pickrell and the Con-
fectionery Co. for writ of error to the Court of Civil Appeals
for the Eighth District, in an appeal from El Paso County.

Pickrell and others sued Mrs. Buckler and another and were
denied recovery on a dermurrer sustained to their petition.   On
appeal by plaintiffs the judgment was affirmed, 293 S. W., 667.
Appellants Pickrell and the Confectionery Co. thereupon applied
for writ of error which is here refused by the Supreme Court in
a memorandum opinion per curiam as to the reason for refusal.

*S. N. Russell* and *Goggin, Hunter & Brown,* for plaintiff in
error.

If upon a fair, reasonable construction giving to all ambigui-
ties the reasonable interpretation most favorable to the plead-
ing, there appear in it sufficient facts to show a legal right in
the pleader, the general demurrer should be overruled.   Town's
Pleading, second edition, p. 531; Williams v. Warnell, 28 Texas,
610; Erie Telegraph etc. v. Grimes, 82 Texas, 89; Williams v.
Williams, 28 Texas, 610.

A general demurrer does not reach a mere informality of aver-
ment, and any difficulty which might have been cured if pointed
out by a special exception is not reached by a general demurrer.
Harry v. Pinckney, 55 S. W., 38.

The sufficiency of the petition and of the cause of action as-
serted is often dependent upon the construction placed upon the
contract by the parties themselves.   The contract should be con-
strued in the light of the surrounding circumstances at the time
it was entered into.   The verbal negotiations of the parties lead-
ing up to the contract may be looked to to make clear the intent,
purposes, and rights of the parties in the matter of its execu-
tion.   North v. Atlas Brick Co., 281 S. W., 608; DeFriest v. Brad-

ley, 78 N. E., 467 (Mass.). On general demurrer the court necessarily cannot be advised as to such matters, but can only be advised as to this after hearing the evidence.

The rule of law giving to the courts the right to determine in such cases the reasonable rental value, entered into the contract itself became a part of it and defined and regulated the right of the parties. Smith v. Butcher, 223 S. W., 166; Texas City Transport Co. v. Winters, 224 S. W., 1087; Mix v. Board of Commissioners, 112 Pac., 215, 32 L. R. A. (N. S.) 534.

*Turney, Burges, Culwall, Holliday & Pollard,* for Mrs. Buckler.

PER CURIAM:

We are not inclined to the view that the covenant to renew in the original lease was void for uncertainity.

We conclude, however, that under the writings executed by the parties the plaintiffs in error had no right or option to renew the lease more than the one time.

The Court of Civil Appeals having therefore entered the correct judgment, the writ of error will be refused, regardlesss of our failure to concur in all that is said in the opinion.